McWILLIAMS et al. v. CITY OF NEW YORK et al.

(District Court, S. D. New York. December 30, 1904.)

1. CORPORATIONS—LIABILITY FOR NEGLIGENCE OF PREDECESSOR.
    A corporation which succeeded to the business and all of the assets of a former company, and was to a large extent identical in membership, *held* responsible for damages caused by the negligence of its predecessor.

2. SHIPPING—VESSELS MOORED TO OTHERS—LIABILITY FOR SALVAGE SERVICES.
    Where a scow owned by one respondent was made fast to one owned by the other respondent lying at a wharf, and the danger from the additional strain was obvious, it was incumbent on both to provide against it by running additional lines to the bulkhead; and where, through their failure to do so, they went adrift, salvage services rendered to the inner scow will be charged against both.

In Admiralty. Suit to recover salvage.

James J. Macklin and La Roy S. Gove, for libellants.

John J. Delany and E. Crosby Kindleberger, for the city of New York.

Frederick W. Park, for the Brown & Fleming Contracting Company.

ADAMS, District Judge. This action was brought against the City of New York by James McWilliams and John Garrett, as owners of the steam tug E. Luckenback, to recover salvage compensation for services rendered on the morning of December 25th, 1901,

in rescuing the city's scow C, then adrift in the East River, in the vicinity of Hell Gate, from a position of some danger. The scow, with its cargo of stone, was worth about $1,900.

The city brought in the Brown and Fleming Contracting Company to meet the salvage demand, upon the allegation, that while the C was securely fastened at the foot of 39th Street, East River, together with another city scow, called the W, two scows of the contracting company were brought alongside and fastened to the city's scows, notwithstanding the protest of the employees of the City's Department of Docks and Ferries. It was further alleged that early in the morning of December 25th, a tug of the same company came to take away the company's scows and removed them so negligently and carelessly that the city's scows were set adrift. It was further alleged that the company was responsible for any salvage earned by the Luckenback, under the practice of the court in analogy to the 59th Rule.

The contracting company answered the petition with denials in detail and alleged that the respondent, on the 27th day of July, 1903, purchased the assets of the Brown and Fleming Company, without notice of the claim of the libellants and alleged that the libellants and the city had been guilty of gross laches in prosecuting the alleged claim and further that if any scows belonging to the city were loose at the time alleged in the libel and petition, that they went adrift solely through carelessness and negligence on the part of the servants of the city.

The libel was filed on the 10th day of March, 1904, and the answer and petition on the 24th day of March following.

No point of laches was raised by the city. At the end of the trial, I concluded that the libellants had rendered meritorious services and should have an award of $200. The question then arose by whom was such sum to be paid and decision was reserved upon that point, as it did not clearly appear that a case had been made against the Brown and Fleming Company. Further testimony has since been taken and the city now strongly urges that the decree should be against that company because, it contends that there was positive negligence on the part of Brown and Fleming, the predecessors of the respondent company, in mooring their scows alongside of the city's scows, without putting out extra lines or attaching their own scows in any way to the bulkhead.

The contention proceeds upon the theory that the present respondent is responsible for the negligence of Brown and Fleming and I think the claim is correct that the corporation, so far as it absorbed the assets of the old company remained responsible for its liabilities. The new corporation is doing the same business as the old company and the companies are in many respects identical; far enough so, in any event, to make the successor responsible in a case like the present. Brum v. Merchants' Mut. Ins. Co. (C. C.) 16 Fed. 140.

It appears that the scow C was made fast to the bulkhead between 38th and 39th Streets, East River. Fastened to her, but without any additional lines to the bulkhead, was a scow belonging to

Brown and Fleming, which was tied up to the city scow because the dump of that company in the vicinity was occupied. Both scows subsequently went adrift, in the strong tide prevailing there, because of insufficient fastenings, and C became the subject of the salvage services herein. The danger of the additional strain caused by the Brown and Fleming's scow, was obvious and it became incumbent upon both scows to provide against it. The No. 6 H (D. C.) 108 Fed. 429. Nothing, however, was done, with the result stated. The case is not very strong against the Brown and Fleming scow but sufficient to impose a portion of the liability upon the respondent company in view of the prima facie case made against it and the absence of testimony on the respondent company's part.

The defense of laches would probably be a good one if the testimony showed any deficiency of proof by reason of the delay but the respondent company did not make it appear that it was prejudiced by the lapse of time. In fact, it voluntarily produced no testimony upon any branch of the case but defended in a manner which tended to create the impression that it sought to succeed through the absence of proof. Enough was produced, however, to show some liability, which there is nothing in the case to meet.

The amount of salvage will be equally divided between the city and the respondent company. Decree accordingly.